**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                               (206) 370-8810

February 20, 2024

Heather N. Derenski                         Peter Berg
Cedar View Law, PLLC                   Cozen O'Connor
108 Union Avenue                          999 Third Avenue, Suite 1900
Snohomish, WA 98290                    Seattle, WA 98104

**Delivered Via CM/ECF**

RE:   *Larson v. Jackson National Life Insurance Company*, C23-0354RSL
         Stipulated Protective Order

Dear Counsel:

On February 16, 2024, the Court received your "Model Stipulated Protective Order with Proposed Modifications." Dkt. # 23.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions types of information that are likely to be confidential, such as "medical, mental health and other Protected Health Information" and "claims handling guidelines."

But it also purports to cover exceptionally broad categories of documents, such as "research, technical, commercial or financial information" that has been kept in confidence. Documents within these categories may or may not provide a commercial advantage to defendant's competitors if disclosed. The parties' description of "confidential" documents does not define or materially limit the universe of documents that could be shielded from public view.

Moreover, the parties reserve for themselves the power to amend the list of "confidential" documents as they see fit. Any protective order entered by the Court must clearly identify the class or type of documents subject to the order and the need for confidentiality. Any modification of a protective order entered by the Court must be approved and signed by the Court.

Finally, the proposed order purports to govern the procedure for objections raised by third parties who have been subpoenaed to produce records in this litigation. Those procedures are set forth in Fed. R. Civ. P. 45 and will not be altered or supplemented through a protective order negotiated by the parties.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

                                        Sincerely,

                                        Robert S. Lasnik
                                        United States District Judge