UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL LARSON, as Personal Representative for the ESTATE OF PATRICIA PEARCY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-00354-RSL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR LEAVE TO AMEND |

　　　This matter comes before the Court on "Defendant Jackson National Life Insurance Company's Motion for Leave to Amend Affirmative Defenses to Plaintiff's Complaint." Dkt. 38. Defendant seeks to amend its answer to add the affirmative defense of statute of limitations. Plaintiff opposes the motion, arguing that the request for leave to amend was unduly delayed, made in bad faith, would prejudice plaintiff, and is futile. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

　　　Under Fed. R. Civ. P. 15(a) and Supreme Court precedent, leave to amend "shall be freely given" unless there is a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR LEAVE TO AMEND - 1

futility of amendment, *etc*." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. . . . Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff has not shown that defendant's request for leave to assert a statute of limitations defense was untimely or in bad faith.[1] She has, however, made a factually and legally sufficient showing that the defense would be futile as to her Insurance Fair Conduct Act ("IFCA"), Consumer Protection Act ("CPA"), and contract claims. The IFCA claim is subject to a three-year statutes of limitation. The CPA and contract claims have longer limitations periods.

Defendant denied plaintiff's initial claim for long-term care benefits in a letter dated January 3, 2020. Dkt. 41 at 25-26. The letter was not post-marked until January 15, 2020, however, and plaintiff's request for reconsideration was denied in a letter dated April 3, 2020. Dkt. 41 at 27 and 39-42. On January 5, 2023, plaintiff served an IFCA violation notice. Dkt. 41 at 29-37. Pursuant to RCW 48.30.015(8)(d), the filing of the notice tolled the statute of limitations for the IFCA claim for twenty days. Thus, if the Court gives defendant the benefit of the doubt and assumes that plaintiff's IFCA claim accrued on the day the denial letter was put in the mail, the limitations period did not expire until February 4, 2023. Because February 4, 2023, was a Saturday, the limitations period continued to run until Monday, February 6, 2023. This action was filed in Snohomish County Superior Court on February 2, 2023. Thus, plaintiff has provided evidence and

---

[1] The deadline for seeking to amend the pleadings was November 5, 2025, the date on which this motion was filed.

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR LEAVE TO AMEND - 2

argument showing that the IFCA, contract, and CPA claims were timely filed and that the statute of limitations defense would be futile as to those claims.

In response, defendant argues only that a determination on the merits of the statute of limitations defense would be premature, that the Court should not assume that there is no set of facts under which the statute of limitations defense could be successful, and that the issue is better suited for a motion to dismiss. Futility has long been one of the factors the Court considers when determining whether to grant leave to amend. In light of plaintiff's evidence and argument regarding the IFCA, CPA, and contract claims, it was incumbent upon defendant to reveal any facts or law that support the defense. It has not done so. Forcing plaintiff to file a motion to dismiss a futile defense at this juncture would cause undue prejudice in the form of additional, unnecessary expense and the interruption of final discovery activities. Because justice does not require the insertion of a futile defense or the prejudice plaintiff would suffer in having to rebut that defense, defendant's motion for leave to add a statute of limitations defense related to the IFCA, CPA, and contract claims is denied.

With regards to the bad faith claim, plaintiff has not shown that the statute of limitations defense is clearly futile. The twenty-day extension arising in the IFCA context does not apply, and the bad faith claim arguably accrued when defendant denied plaintiff's claim for coverage on or about January 15, 2020. Plaintiff asserts that she learned of defendant's bad faith only after it rejected her request for reconsideration in April 2020, but the bad faith claim encompasses defendant's "conduct throughout the course of its claim investigation," handling, and denial. Dkt. 1-2 at ¶ 8.11. Because plaintiff has not made a clear showing that the limitations defense is futile as to the bad faith claim or that defendant unduly delayed raising the defense (it was discussed at least as early as May 2025), requiring plaintiff to meet and address the potentially valid defense is not unfair or

unjust. Defendant may, therefore, amend its answer to assert the statute of limitations as a defense against the bad faith claim (and only against that claim).

For all of the foregoing reasons, defendant's motion for leave to amend its answer is GRANTED in part.

Dated this 15th day of December, 2025.

                                  Robert S. Lasnik
                                  United States District Judge