UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL LARSON, as Personal
Representative of the ESTATE OF
PATRICIA PEARCY,

          Plaintiff,

    v.

JACKSON NATIONAL LIFE
INSURANCE COMPANY,

          Defendant.

CASE NO. 2:23-cv-00354-RSL

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO
COMPEL

This matter comes before the Court on "Plaintiff's Motion to Compel" and request for an award of fees. Dkt. 57 and 57-1. In 2023, plaintiff requested copies of any and all "claims resources, tools, guides, manuals, [and] directives for claim handling to third parties" that were available to the individuals handling or adjusting Ms. Pearcy's claim for long term care benefits. Dkt. 58-2 at 8. Defendant does not have its own claim adjusters and instead uses a third-party administrator, illumifin, to investigate claims.

Through a Rule 30(b)(6) deposition held on December 16, 2025, plaintiff learned that the contract with illumifin includes information about how claims should be handled and that there are "[p]robably a couple dozen" claim handling guidelines and procedures for long term care policies. Dkt. 58-1 at 16-17. After attempting to meet and confer, plaintiff filed this motion to compel on January 2, 2026, seeking to compel production of

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL - 1

the illumifin agreement and claim handling guidelines and procedures that had not previously been produced. On January 22, 2026, defendant produced, in whole or in part, some of the requested guidelines and procedures. Dkt. 65-1.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

1. There is good cause to hear this belated discovery motion. Defendant had stated in August 2024 that it had "left no stone unturned" in its search for responsive documents and that its production was complete. Dkt. 58-3 at 2. It wasn't until the December 2025 deposition that plaintiff learned that there were other responsive materials available.

2. Defendant's procedures for handling claims for long term care – including any performance standards and expectations imposed on third-party contractors – are relevant to plaintiff's claim that defendant misrepresented or failed to include necessary information when communicating with plaintiff, failed to investigate her claim for coverage, breached the contract of insurance, and otherwise acted in bad faith. The procedures may, for example, specify a denial rate, adjust contractual payments based on claim outcomes, require resolution of a claim in an unreasonably short period of time, misrepresent the terms of the policies, cap or curtain contractual benefits, fail to apprise adjusters of the requirements of Washington insurance law, or otherwise cause or lead to the outcomes of which plaintiff complains.

3. Production of the illumifin agreement is proportional to the needs of the case. Defendant's Rule 30(b)(6) representative stated that the agreement contains performance expectations and tells illumifin "what its responsibilities are with regards to long term care policies." Dkt. 58-1 at 16-17. While defendant insists that it has, in good faith, determined that the illumifin agreement is unrelated to plaintiff's claims, the evidence in the record suggests otherwise. Nor has defendant supported its claim that producing the service agreement will impose undue burden and expense. The argument appears to rest on the

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL - 2

need to review and redact commercially sensitive information in the agreement prior to production. No declarations or time/cost estimates are provided. Even if such an effort were, for some unstated and unanticipated reason, extraordinary, the parties have negotiated a protective order that will limit the dissemination and use of the information, making redactions unnecessary.

4. With regards to defendant's claim handling guidelines and procedures for long term care policies, defendant has produced its June 2019 and March 2022 "CNA Individual Long Term Care Second Level Review Procedure," the June 2019 and May 2022 "CNA Individual Long Term Care Procedure – Decision Communication and Documentation," and the June 2019 and March 2022 "CNA Individual Long Term Care Procedure - Certification of Chronic Illness." It has also produced redacted versions of the following documents:

June 2017 "Claim Path Matrix" for initial decisions

November 2021 "Claim Path Matrix" for initial decisions, benefit eligibility assessments, and manual orders

April 2022 "CNA Individual Long Term Care Procedure - Benefit Eligibility Determination"

Defendant withheld from the production portions of these documents which it deemed unresponsive. Finally, defendant has withheld its "Initial Claim Review Procedure" for group long term care policies, the "CNA Individual Long Term Care Provider Eligibility Determination Procedure," and the "CNA Individual Long Term Care Facility Evaluation Procedure" because they are irrelevant to plaintiff's claim under an individual policy and/or because there is no dispute regarding whether plaintiff's facility was an eligible provider. Plaintiff has not identified any specific issues with these productions, withholdings, or redactions but apparently has doubts regarding defendant's unilateral determinations of what is "responsive" and "unresponsive."

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL - 3

A party is generally not permitted to redact material from responsive documents based on its unilateral assessment of the material's relevance, especially where, as here, a protective order governs the production and disclosure of confidential information and the parties are not competitors. *See Corker v. Costco Wholesale*, No. 2:19-cv-0290-RSL, 2020 WL 1987060, at *2 (W.D. Wash. Apr. 27, 2020); *Doe v. Trump*, 329 F.R.D. 262, 275-76 (W.D. Wash. 2018); *Krausz Indus., Ltd v. Romac Indus., Inc*., No. 2:10-cv-1204-RSL, 2011 WL 13100750, at *3 (W.D. Wash. Aug. 10, 2011). Defendant may redact information from a relevant document only if the redacted information is in a separate section, chapter, or tab and is clearly and wholly irrelevant to the issues at hand.

5. Plaintiff's request for an award of fees is denied. Because of the holiday season and plaintiff's need to file this motion as quickly as possible, the parties had very little time to discuss plaintiff's requests for additional documents.

For all of the foregoing reasons, plaintiff's motion to compel (Dkt. 57) is GRANTED in part. Defendant shall, within seven days of the date of this Order, produce a copy of the illumifin agreement and shall review its redactions of the guidelines and procedures it has produced to ensure that they comply with paragraph 4 of this Order. If they do not, a supplemental production shall be made within fourteen days of the date of this Order.

Dated this 18th day of February, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL - 4