UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL LARSON, as Personal Representative of the ESTATE OF PATRICIA PEARCY,

Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,

Defendant.

CASE NO. 2:23-cv-00354-RSL

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL

This matter comes before the Court on "Defendant Jackson National Life Insurance Company's Motion to Compel Discovery" (Dkt. 59) and defendant's "Motion to Continue Trial Date and Extend All Pre-Trial Deadlines by 45 days" (Dkt. 78).

During a deposition held on December 2, 2025, the parties learned that Dr. Lloyd, one of Ms. Pearcy's treating physicians, had generated paper records of a January 9, 2020, office visit that had not been produced. Similarly, the parties learned at a December 22, 2025, deposition that Ms. Pearcy's primary care physician, Dr. Pense, relied on an "Active Problem List" maintained in his practice's electronic record, called EPIC. The parties conferred on January 2, 2026, and plaintiff requested both Dr. Lloyd's paper file and the version of Ms. Pearcy's "Active Problem Lists" maintained in EPIC from MultiCare Health System. Defendant filed this motion to compel on January 20, 2026. MultiCare

ORDER GRANTING IN PART DEFENDANT'S MOTION
TO COMPEL - 1

produced Dr. Lloyd's file the next day, and plaintiff promptly forwarded the information to defendant. As of the close of briefing on this matter, MultiCare has not produced any additional materials related to Dr. Pense.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

1. There is good cause to hear the belated discovery motion. The parties did not realize that medical records had not been produced until December 2025.

2. Defendant is now in possession of Dr. Lloyd's notes. In its reply memorandum, defendant argues that the belated production necessitates a second deposition of Dr. Lloyd and an opportunity to supplement its own expert's report in light of the new evidence and testimony. Defendant separately filed a motion to extend discovery and the remaining case management deadlines to accommodate this additional discovery and the depositions of plaintiff's claims handling and rehabilitation experts. An extension is appropriate.

3. The Court assumes, for purposes of this analysis, that defendant has not received the versions of the "Active Problem List" maintained in EPIC with the exception of the one dated June 6, 2017. Dkt. 67-2 at 2. Defendant has, however, received "Active Problem Summaries" or "Active Problem Lists" as maintained in the clinical notes. Dkt. 67-2 at 3-10. Defendant argue that the existing documentation is insufficient because it does not contain codes, dates, and provider information, but it does not attempt to show why this information is relevant to the insurance coverage issues in this case. The June 6, 2017, entry shows when "Cognitive Impairment with Memory Loss" was added to the list, which appears to be the only potentially relevant data point included in EPIC that is not included in the clinical notes.

For all of the foregoing reasons, defendant's motion to compel (Dkt. 59) is GRANTED in part and its motion to extend case management deadlines (Dkt. 78) is

ORDER GRANTING IN PART DEFENDANT'S MOTION
TO COMPEL - 2

GRANTED. If plaintiff receives the EPIC records from MultiCare, she shall transmit them to defendant immediately, but she need not take any further steps to obtain or produce them. Defendant's request for Dr. Lloyd's notes is DENIED as moot. An amended case management schedule will be issued with a new trial date of July 6, 2026: all of the remaining pre-trial deadlines will likewise be continued.

Dated this 18th day of February, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION
TO COMPEL - 3